## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LOS REYES FIREWOOD and PABLO REYES,

       Plaintiffs,

v.                                       CV 15-326 JB/WPL

STATE OF NEW MEXICO'S GOVERNOR
SUSANA MARTINEZ; HUMAN SERVICES
DEPARTMENT, (ISD) PERSONNEL; BETSY
SALCEDO; KAYDEE CULBERTSON; ROSEMARIE
LARA; UNITED STATES MAGISTRATE JUDGE
KAREN B. MOLZEN; BARBRA HILL; MELISSA
ALM or ELW; and OTHER JOINDER PARTIES
NOT YET MENTIONED,

       Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court *sua sponte*. "Statutory provisions may . . . codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision." *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989). Pablo Reyes alleges criminal charges against the Defendants for attempted tax evasion under 26 U.S.C. § 7201 and first degree murder. Reyes also raises a civil cause of action for persons injured as a result of prohibited racketeering activity, pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). For the reasons explained below, I recommend that the Court dismiss this case.

As to the claims for tax evasion and first degree murder, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," and cannot base a

claim for which relief can be granted on criminal statutes. *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (quotation omitted). Reyes does not have the power to bring criminal charges. No amount of factual amendment will convert these claims from criminal charges into a civil cause of action. Therefore, I recommend that the Court dismiss these claims with prejudice.

"To successfully state a RICO claim, a plaintiff must allege four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002) (internal quotation and citation omitted). Racketeering activity is "any act in violation of specified state and federal crimes, including wire fraud, bank fraud, and fraud in the sale of securities." *Resolution Trust Corp. v. Stone*, 998 F.2d 1534, 1543 (10th Cir. 1993). The specified crimes are found at 18 U.S.C. § 1961(1). To satisfy RICO's pattern requirement, a plaintiff must allege that the defendants committed two or more predicate acts and that the predicate acts themselves amount to or constitute a threat of continuing racketeering activity. *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010) (quotation and emphasis omitted). Reyes's complaint totally fails to set forth a RICO claim. He makes no attempt to identify predicate offenses under § 1961(1) as racketeering activity, does not allege an enterprise, and fails to identify conduct of any kind. Because this claim includes no factual allegations of any kind, I recommend that the Court dismiss the claim without prejudice.

Any remaining claims or allegations in Reyes's complaint are conclusory and wholly unintelligible. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Reyes fails to state with any particularity what each Defendant did to Reyes, when the Defendants committed these alleged unspecified actions, or how those actions harmed Reyes. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158,

1163 (10th Cir. 2007). Reyes does not explain what specific legal right the Defendants violated.

*Id.* I recommend that the Court dismiss any remaining claims without prejudice because Reyes

failed to state a claim upon which relief can be granted.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.