IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOS REYES FIREWOOD and PABLO REYES,

       Plaintiffs,

vs.                                                                                                   No. CIV 15-0326 JB/WPL

STATE OF NEW MEXICO'S GOVERNOR
SUSANA MARTINEZ; HUMAN SERVICES
DEPARTMENT, (ISD) PERSONNEL; BETSY
SALCEDO; KAYDEE CULBERTSON; ROSEMARIE
LARA; UNITED STATES MAGISTRATE JUDGE
KAREN B. MOLZEN; BARBRA HILL; MELISSA
ALM or ELW; and OTHER JOINDER PARTIES
NOT YET MENTIONED,

       Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDING AND RECOMMENDED DISPOSITION, AND DISMISSING THE COMPLAINT**

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed May 28, 2015 (Doc. 9)("PFRD"); (ii) the Objections to Review Portal to Portal Act, State v. Reyes 114 P.3d 413 [and] Request for this court to Order Standby Counsel, filed June 5, 2015 (Doc. 11)("Objections"); and (iii) the Complaint for Damages as a Result of 26 USC 7201 Tax Evasion[] and 1st Degree Suspected Murder of a Second Family Member Pablo Reyes (Enero 25, 1944 - Dec 3, 2014) Through a Series of Predicate Acts by an Existing-in-Fact Association RICO Enterprise, filed in state court on March 12, 2015, filed in federal court on April 21, 2015 (Doc. 1-1)("Complaint").  The primary issues are: (i) whether the Court should adopt the PFRD; and (ii) whether the Court should dismiss any of Plaintiff Pablo Reyes' claims in the Complaint.  Because the Court agrees with the Honorable William P. Lynch, United States Magistrate Judge for the District of New

Mexico's conclusions, the Court will adopt the PFRD, dismiss with prejudice all claims attempting to bring criminal charges in a civil cause of action, and dismiss without prejudice any remaining claims for failure to state a claim upon which relief can be granted.

## FACTUAL BACKGROUND

The Complaint consists of thirteen pages: (i) one handwritten page that lists the Defendants against whom Reyes brings his Complaint and a paragraph or so of unintelligible or nonsensical allegations, see Complaint at 1 ("We believe Betsy Salcedo is an accomplice to the 1st degree murder of a family member[] Pablo Reyes Enero 25, 1944 - Dec 3 2014 as a result of strongly suspected political campaigning manufactured hatred during the ongoing informal trial in the 2nd N.M. St. Dist. Ct. . . . ."); (ii) one page that appears to be a 2013 Federal Taxpayer Receipt from the Whitehouse.gov website, see Complaint at 2; (iii) four pages of assorted tax and welfare-assistance documents from the State of New Mexico, see Complaint at 3-6; (iv) five pages that are a proposed finding and recommended disposition that Defendant United States Magistrate Judge Karen B. Molzen issued in a 2001 case that Reyes brought against Larry G. Massanri, Commissioner of Social Security, see Complaint at 7-11; (v) one page from an order denying in forma pauperis status and dismissing action with prejudice from a 2009 case that Reyes brought against Maggie Toulouse-Oliver,[1] see Complaint at 12; and (vi) one page from a memorandum opinion and order dismissing Reyes' 2009 case against Toulouse-Oliver, see Complaint at 13.  Each page contains handwritten notes in the margins or between the lines, all of which is either unintelligible or nonsensical.  The Court has been unable to discern any clear factual allegations in the Complaint.

---

[1]Tolouse-Oliver is the Bernalillo County Clerk.

**PROCEDURAL BACKGROUND**

Plaintiff Pablo Reyes filed his Complaint on March 25, 2014, in the Second Judicial District, County of Bernalillo, State of New Mexico, Cause No. D-202-CV-2015-1989. The Complaint contains no factual allegations. Judge Molzen removed the case to federal court on April 21, 2015. See Notice of Removal, filed April 21, 2015 (Doc. 1). On April 27, 2015, Judge Molzen filed Defendant United States Magistrate Judge Karen B. Molzen's Motion to Dismiss on Grounds of Absolutely Immunity (Doc. 3). On May 4, 2015, the Court referred this case to Judge Lynch for recommended findings and final disposition. See Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases and Immigration Habeas Corpus Proceedings, filed May 4, 2015 (Doc. 7).

Judge Lynch reviewed the Complaint and found that Reyes brought criminal charges, a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 ("RICO"), and remaining allegations that are "conclusory and wholly unintelligible." PFRD at 2. Judge Lynch recommended that the Court dismiss the criminal claims with prejudice and dismiss the RICO claim and all other remaining claims or allegations without prejudice. See PFRD at 4. Judge Lynch entered an Order Allowing Pablo Reyes to Submit Objections, filed May 28, 2015 (Doc. 10)("Order"). Judge Lynch noted that Reyes is a "restricted filer" in the District of New Mexico and requires special permission to file any document in a federal case, but authorized Reyes to file "only objections to the PFRD." Order at 1-2 (citing Los Reyes Firewood v. Bernalillo Cnty. Metro. Det. Ctr., No. CIV 14-0303 KG/SCY (D.N.M. June 3, 2014)(Doc. 21)(prohibiting Reyes from filing documents in any removed cases unless he is represented by counsel or first obtains permission from the Chief Magistrate Judge); Reyes v. State of New Mexico, No. CIV 10-0343 JCH/RLP (D.N.M. June 4, 2010)(Doc. 9)(prohibiting

Reyes from filing any new cases in federal court unless he is represented by counsel or first obtains permission from the Chief Magistrate Judge). Judge Lynch also notified the parties that any objections to the PFRD were due by June 15, 2015. See Order at 2. Reyes filed his Objections on June 5, 2015. See Objections at 1.

## LAW REGARDING DISMISSAL

District courts have the inherent power to manage their dockets. See United States v. Schneider, 594 F.3d 1219, 1226 (10th Cir. 2010)(citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); United States v. Nicholson, 983 F.2d 983, 988 (10th Cir. 1993)). This power includes the ability to "dismiss a frivolous or malicious action . . . even in the absence of [a] statutory provision." Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 306-07 (1989)(quotation omitted).

In considering whether to dismiss a claim *sua sponte* for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept as true all factual allegations in the complaint and must draw all reasonable inferences in the plaintiff's favor. See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). Where it appears beyond doubt that a plaintiff cannot prove any set of facts that would entitle him to relief, a court may dismiss the cause of action. See Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his claim. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In reviewing a pro se complaint, the court applies the same legal standards applicable to pleadings that counsel drafts, but is mindful that the complaint must be liberally construed. See Hall v. Bellmon, 935 F.2d at 1110. But "[t]he broad reading of the plaintiff's complaint does not

relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d at 1110

> [T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint. Nevertheless, conclusory allegations without supporting factual averments are insufficient to state claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

Hall v. Bellmon, 935 F.2d at 1110 (citations omitted).

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

>made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[2] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986), superseded by statute on other grounds as stated in De Vargas v. Mason & Hanger-Silas Mason Co., 911 F.2d 1377 (10th Cir. 1990); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v.

---

[2] 28 U.S.C. §§ 631 to -39.

Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[3]

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.  The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the

---

[3]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored.  However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

>United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or <u>ruling</u> on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." <u>See</u> Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. <u>See</u> <u>id.</u>, at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. <u>See</u> Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

<u>Thomas v. Arn</u>, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" <u>One Parcel</u>, 73 F.3d at 1060 (quoting <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)). <u>Cf.</u> <u>Thomas v. Arn</u>, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In <u>One Parcel</u>, the

Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b))(citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet the requirements

of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and

recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the Magistrate Judge's recommendations.  In Pablo v. Social Security Administration, No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review.  2013 WL 1010401, at *1, *4.  The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."  Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.  The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'"  Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote omitted)(internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M.

Dec. 28, 2012)(Browning, J.).  See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not.").  This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

Reyes filed timely objections to the PFRD, but the Objections contain no specific factual or legal points of diversion from the PFRD.  Without specific Objections, the Court is unable to conduct the requisite *de novo* review of the PFRD.  In the absence of specific Objections, as United States v. Raddatz requires, the Court reviews the PFRD to determine whether it is clearly

erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  See Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.

The Court has reviewed the PFRD under this standard.  Reyes did not object to any of the facts or the legal analysis set forth in the PFRD.  The Court concludes that the recommendations are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  Accordingly, the Court will: (i) adopt the PFRD; (ii) enter a judgment dismissing the purported criminal claims with prejudice, and dismissing the RICO claim, and any other claims or allegations without prejudice; and (iii) dismiss this case.

**IT IS SO ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed May 28, 2015 (Doc. 9), is adopted; (ii) Plaintiff Pablo Reyes' claims for criminal prosecution listed in the Complaint for Damages as a Result of 26 USC 7201 Tax Evasion[] and 1st Degree Suspected Murder of a Second Family Member Pablo Reyes (Enero 25, 1944 - Dec 3, 2014) Through a Series of Predicate Acts by an Existing-in-Fact Association RICO Enterprise, filed in state court on March 12, 2015, filed in federal court on April 21, 2015 (Doc. 1-1)("Complaint"), are dismissed with prejudice; (iii) Reyes' civil claims for violations under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68, and all other claims or allegations listed in the Complaint are dismissed without prejudice; and (iv) this case is dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Party and counsel:*

Pablo Reyes
Albuquerque, New Mexico

>*Plaintiff pro se*

George F. Heidke, Jr.
State of New Mexico Human Services Department
Santa Fe, New Mexico

>*Attorneys for Defendant Human Services Department*

Damon P. Martinez
  United States Attorney
Karen P. Grohman
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

>*Attorneys for Defendant United States Magistrate Judge Karen B. Molzen*